IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| TRI AQUA, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 08-mc-014-CG-C |
| APC EQUIPMENT & SERVICES, INC., | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's motion for an order requiring the University of South Alabama Children's & Women's Hospital ("USA"), as the Garnishee, to remit funds to the court and condemning said funds (Doc. 10), plaintiff's motion for a conditional judgment against USA (Doc. 11), and USA's response (Doc. 13). For the reasons stated below, the court finds that plaintiff's motion for conditional judgment is due to be denied, but that plaintiff's motion for an order requiring USA to remit funds to the court and for the condemnation of those funds should be granted.

On September 8, 2008, plaintiff registered with this court a foreign default judgment in the amount of $341,549.00 in favor of the plaintiff and against the defendant, APC Equipment & Services, Inc. ("APC"). (Doc. 1). Plaintiff's current motion seeks condemnation of certain funds owed by USA to APC. USA admits that it owed APC three monthly installments of $644.60. (Doc. 9). Plaintiff further seeks a judgment against USA for making a payment to APC after being served with a writ of garnishment. USA was served with the writ of garnishment on October 31, 2008, but apparently paid $644.60 to APC in November 2008. USA asserts that it

had not been ordered to pay the funds into the court and that it complied with the writ of garnishment instructions which simply required it to answer certain questions regarding whether it possessed any funds or indebtedness owed to APC, which it did. See ALA CODE § 6-6-457 (providing that conditional judgment must be entered against garnishee that fails to appear and answer).  The court notes that since the filing of these motions, plaintiff has admitted that it had "incorrectly averred that the Defendant had been served with process of garnishment." (Doc. 14).  On March 4, 2009, the court granted plaintiff's motion to allow service of APC by a private process server and proof of service was filed with the court indicating that service was effected on March 23, 2009. (Docs. 15, 16).

Since service was not made upon APC until March 23, 2009, it is questionable whether the court should consider judgment against a garnishee regarding funds paid prior to APC being served.  The problem with service is especially troubling in this case because the judgment on which the garnishment is based was entered by default.   The defendant could have a defense against the validity and effect of the default judgment and also has available certain options, such as the execution of a bond for the dissolution of the garnishment.  The court notes that Alabama Code § 6-6-393 requires that upon filing proof of the judgment and amount owed, the plaintiff must "issue process of garnishment and a copy thereof for each garnishee, to be served by the proper officer..."  The court also notes that Alabama's garnishment statutes expressly require the following regarding notice to defendant:

> When the defendant resides within the state and the garnishment is issued on a judgment or in a pending action in which an appearance has not been entered for the defendant, the officer issuing the garnishment must issue notice thereof to the defendant, which notice must be served on him at least five days before judgment against the garnishee.

ALA. CODE. § 6-6-394.[1] Under the circumstances, the court finds that plaintiff's motion for judgment was premature and should be denied. See South Highlands Infirmary v. Imperial Laundry Co., 25 Ala.App. 461, 461, 149 So. 106, 107 (Ala.App. 1933) certiorari denied, 227 Ala. 118, 149 So.107 ("failure to serve notice upon said defendant, the judgment of the lower court in favor of garnishee appellee must be affirmed, regardless of the legal merit); Denson v. Foote, 273 Ala. 470, 473, 142 So.2d 877, 879 (Ala.1962) ("it necessarily appears that when defendant's property is in the hands of a garnishee, and plaintiff seeks to subject such property to satisfaction of plaintiff's claim against defendant, then the defendant is entitled, at some stage of the proceeding, to be made a party thereto and have his day in court.").

However, there appears to be no opposition to plaintiff's motion to order USA to pay into the court any remaining funds owed to the defendant. All necessary parties have now been made a party to this action and USA has admitted indebtedness to defendant. Review of the facts of this case also reveal that the amount of the foreign judgment against the defendant far exceeds the amount of indebtedness owed by USA to the defendant. As such, the court finds it appropriate to order payment of the funds into the court and for condemnation of the funds. See ALA CODE § 6-6-454 (stating that judgment must be entered where garnishee admits indebtedness to defendant).

## CONCLUSION

For the reasons stated above, plaintiff's motion for an order requiring the University of South Alabama Children's & Women's Hospital as the Garnishee to remit funds to the court

---

[1] The court notes that the proof of service filed with this court states that APC was served within the state of Alabama . (Doc. 16).

3

(Doc. 10) is **GRANTED** and **the University of South Alabama Children's & Women's Hospital** is hereby **ORDERED to remit to the Clerk of this Court any current and future funds owed to APC Equipment & Services, Inc. or any other money or effects belonging to APC Equipment & Services, Inc. which University of South Alabama Children's & Women's Hospital has in its possession or control**.

It is further **ORDERED** that upon such funds being paid into this court, the **Clerk of Court shall issue a check for such funds to plaintiff's attorneys**.

It is further **ORDERED** that plaintiff's motion for judgment against USA for the November 2008 proceeds paid to APC Equipment & Services, Inc. (Doc. 11) is **DENIED**.

**DONE and ORDERED** this 28th day of May, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE